JOSEPH AND ALFRED SANTINELLO, PARTNERS, ETC., PLAINTIFFS, v. CENTRAL RAILROAD COMPANY OF NEW JERSEY AND BOUND BROOK CRUSHED STONE COMPANY, DEFENDANTS.

Submitted October 12, 1928—Decided April 11, 1929.

Before GUMMERE, CHIEF JUSTICE, and Justice PARKER.

For the plaintiffs, *George L. Record.*

For the defendant railroad company, *Edwin F. Smith.*

For the defendant stone company, *King & Vogt.*

PER CURIAM.

The suit was for damages arising out of a collision of a truck belonging to the plaintiffs with a backing train of the defendant railroad company, at the stone crushing plant of the stone company, which is situate at a place known as Chimney Rock, northwest of Bound Brook and on the road crossing the Watchung range and leading to Martinsville. A branch line of the railroad leads northerly from the main line and parallels the highway into the gorge as far as the stone plant where it ends. On the day of the accident, the plaintiffs' truck had been driven up to the plant from Bound Brook for a load of stone, had been loaded at Hopper No. 1, some distance to the south of the crusher, had gone on to the scale and been weighed, the scale being across the road from the crusher and a little to the south; and after weighing, proceeded northerly to a point directly opposite the crusher, where there was enough space, if that space was unobstructed, to make a complete turn to the left without backing, and straighten out for the southerly run to Bound Brook. This point had been designated by the stone company as the place for turning, and we think it fairly clear from the evidence that plaintiffs were invited to use the premises of the stone company as space in which to complete the turn. The matter of invitation by the railroad company is another affair, as will presently appear. The topography is important, but it is impracticable to describe it in detail. Suffice it to say that at this point, from west to east, there were: 1. The crusher itself. 2. A series of three hoppers running north and south, and alternating with two railroad tracks. 3. East of the most easterly hopper, and running north and south substantially parallel with the road, a third track, on which the collision occurred. 4. About eighteen feet east of the easterly rail, the

west edge of the highway, which at this point was about twenty-four feet wide. From east rail of the track to east side of the road the space scales about forty-four feet; the total width from east edge of the road to nearest hopper scales about sixty-one feet, including the track. · The photographs show no line of separation on the ground between highway and railroad except the rails, or between the railroad and the land west of it up to the hoppers.

The manner ·of the accident was that the truck proceeded northerly on the east side of the road until opposite the hoppers, then swung to its left for a complete turn, which brought it on the track as it was finishing or about to finish the turn, where it collided with the train backing up from that direction. The jury found for the plaintiffs as against both defendants. We assume for present purposes that as far as the stone company is concerned, the truck was there by invitation. As to the railroad, if this particular track was its property, which is not clear on the evidence, we are unable to see any substantial proof of invitation. The testimony shows, or tends to show, that the railroad owns a twenty-five-foot strip through the plant, but we find no location of this strip in the testimony or on the map. However, we are likewise content to assume for present purposes that the particular track was on the land of the stone company. If not, there is much difficulty in formulating a theory of negligence of that company. If yea, we have the not infrequent case of the duty of two separate· licensees, or invitees, or what not, as to each other. *Quinn* v. *Telephone Co.,* 72 *N. J. L.* 276; *Piraccini* v. *Director General,* 95 *Id.* 114, and other cases. The rule is not here questioned. In addition, there is the duty of the stone company as owner, if that be the fact.

If it be assumed still further for present purposes that each defendant was lacking in some duty of care, we are still unable to uphold the verdict, because we are clear that the plaintiff Joseph, who was driving the truck, was guilty of contributory negligence. This was not a road crossing, and so he had no right to rely on statutory crossing signals. There was no substantial obstruction to the view, the immediate locality

was clear of obstructions; if not, as he was about to enter on a railroad track it was his duty to make effective observation. If the noise of the crusher drowned bell and whistle, this, under well settled principles, made it incumbent on him to make more diligent use of the senses available. The evidence shows that the train was in plain sight, proceeding slowly, and visible to anyone looking in that direction. There is reason to think that Joseph relied too much on his mirror and not enough on direct vision. Be this as it may, on the point of contributory negligence, without more, the verdict was clearly against the weight of evidence, and must be set aside. The rule will accordingly be made absolute.